STATE of Missouri, Plaintiff–
Respondent,

v.

Michael SHEFFIELD, Defendant–
Appellant.

No. 17084.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 12, 1991.

Motion for Rehearing or to
Transfer Denied
Jan. 3, 1992.

Donald R. Cooley, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Chief Judge.

A jury found defendant Michael Sheffield guilty of possessing more than 35 grams of marijuana, § 195.020,[1] and he was sentenced to two years' imprisonment. Defendant appeals. In general, defendant contends that the trial court erred: (1) in ruling that the evidence was sufficient to support the verdict; (2) in denying defendant's motion to suppress evidence which challenged the validity of a search warrant; (3) in refusing to give Instruction A requested by defendant; and (4) in denying defendant's motion to remand for a preliminary hearing. For the reasons which follow, this court holds that point 1 and point 2 have no merit, that point 3 has not been preserved for appellate review, and no plain error is shown, and that point 4 was waived.

Defendant's first point is that the evidence is insufficient to support the verdict and that the trial court erred in overruling his motion for judgment of acquittal filed at the close of all the evidence.

Defendant's challenge to the sufficiency of the evidence requires this court to determine whether there was sufficient evidence from which a reasonable juror might have found him guilty beyond a reasonable doubt. *State v. Dulany*, 781 S.W.2d 52, 55[3] (Mo. banc 1989). We accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *Id.* This court considers any portions of defendant's evidence which would support a finding of guilty "because defendant, by putting on evidence, takes the chance of aiding the State's case." *State v. Johnson*, 447 S.W.2d 285, 287[2] (Mo.1969).

To sustain a conviction for possession of a controlled substance under § 195.020, the state must prove that the defendant knowingly and intentionally possessed the proscribed substance. To meet this burden, conscious, intentional possession, either actual or constructive, must be established. The state must also show that the defendant was aware of the presence and nature of the substances in question. Both possession and knowledge may be proved by circumstantial evidence. If actual possession has not been shown, "constructive possession will suffice when other facts buttress an inference of defendant's knowledge of the presence of the controlled substance." (Citing authorities.) *State v. Barber*, 635 S.W.2d 342, 343 (Mo. 1982).

A person may be deemed to have possession of the substance found on the premises even when he does not have exclusive control of the premises, because there may be joint control, with the same consequences as if there were exclusive control. If the control is joint, however, there must be some further evidence or admission connecting the defendant with the substance. *State v. Wiley*, 522 S.W.2d 281, 292[21] (Mo. banc 1975). See also *State v. Pacchetti*, 729 S.W.2d 621, 628[7] (Mo.App.1987).

In general the information charged that the defendant, on December 16, 1987, in Greene County, knowingly possessed more than 35 grams of marijuana, a controlled substance, in violation of § 195.020. The state's evidence showed that on that date several officers of the Springfield Police Department, including Dennis Lewis, Robert Greer and Steve Hamilton, executed a search warrant at defendant's residence located at 1408 North Texas in Springfield. Defendant lived there with Lennita Amlin, and they occupied the same bedroom. When the officers arrived, defendant was not at home. The warrant was read to Ms. Amlin and the house was searched.

In the bedroom was a bed with a wooden headboard. Inside the headboard were some metal lapel pins bearing the logo of

---

1. All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

Section 195.020 was repealed in 1989.

the Greene County Sheriff's Department. Defendant was a reserve deputy of the Greene County Sheriff's Department and had been for five years. A plastic bag containing marijuana was found in the headboard. A card with defendant's photograph identifying him as a deputy was found on the headboard.

Another plastic bag containing marijuana was underneath the bed. Other items were found in the bedroom and were identified as drug paraphernalia by the officers. They included a paper roller, two plastic baggies containing marijuana, clear plastic bags, a roach clip, a marijuana pipe, and a cigarette case containing marijuana. Some of the paraphernalia was found in a dresser which contained a man's clothing.

A search of the bedroom closet revealed several pieces of men's clothing hanging on a rack, including defendant's deputy uniform. On a shelf above the clothing, Hamilton found 443 grams, or 15.5 ounces, of marijuana wrapped in a plastic bag, state's Exhibit 1.

About 20 minutes after the search began, defendant arrived at the residence in a van. He had been to a bowling alley. Defendant unlocked the front door and entered the house. He was placed under arrest by the officers. Officer Lewis testified that the clothes which defendant was wearing "reeked of the smell of burned marijuana." After defendant was arrested, officer Lewis went to defendant's van. Lewis testified that the van had the odor of marijuana.

Officer Greer conducted a "pat down search" of defendant. In defendant's vest pocket was a metal cigarette case, state's Exhibit 4, which contained two marijuana cigarettes which had been partially smoked.

Dwight Bebee, a drug chemist, identified several of the bags and baggies taken from the house, identified their contents as marijuana, and gave their respective weights in grams.

Lennita Amlin, a defense witness, testified that she owned the marijuana which was taken from the bedroom and that it was kept hidden from defendant. She testified that the marijuana in Exhibit 1 had been there only 24 hours, that a friend had brought it to her and that she did not tell defendant the friend had done so. She admitted that she told the officers at the time of the search that the marijuana at the house was defendant's.

Testifying for himself, defendant said he did not know that Ms. Amlin had marijuana in the house. He said the first time he saw the sacks of marijuana was when they were brought into court. He admitted having the metal cigarette case in his vest pocket but claimed that he found it in the snow outside the bowling alley and that he had picked it up and put it in his pocket and forgotten it.

In support of his first point, defendant points to the testimony of Ms. Amlin that she owned the marijuana, that the bag containing more than 15 ounces of marijuana had been there only 24 hours and that she had kept it hidden from him. Defendant also points to his own testimony that he did not know the marijuana was there. Defendant's argument overlooks the principle that this court accepts as true all the evidence favorable to the state and disregards contrary evidence.

■ Marijuana in considerable quantities, the total clearly exceeding 35 grams, was found in various portions of defendant's bedroom where, inferentially, he had slept the night before. Items of drug paraphernalia were found there. Marijuana was found on his person. His clothing and his van bore the odor of marijuana. This court holds the evidence was sufficient to support the verdict. *See State v. Cline*, 808 S.W.2d 822 (Mo. banc 1991); *State v. Pacchetti, supra.* Defendant's first point has no merit.

Defendant's second point reads: "The trial court erred in overruling defendant's motion to suppress evidence for reason that the marijuana was seized pursuant to a search warrant unlawfully issued upon evidence insufficient to support probable cause to believe marijuana was at the residence to be searched."

Defendant's point makes no mention of any specific constitutional provision or statute. Section 542.276.2 sets forth the requirements for an application for the issuance of a search warrant. One of those requirements is that the application shall: "(5) State facts sufficient to show probable cause for the issuance of a search warrant."

With respect to the defendant's rights under the Fourth and Fourteenth Amendments and the necessity for probable cause, the Supreme Court of the United States has said:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed. *Jones v. United States*, 362 U.S. [257], at 271, 80 S.Ct. [725], at 736 [4 L.Ed.2d 697 (1960) ]."

*Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).

In *State v. Laws*, 801 S.W.2d 68, 70 n. 1 (Mo. banc 1990), the court said: "We find no indication in *Gates* that an appellate court may look beyond the affidavit in determining whether there was probable cause to search." The court then proceeded to examine "the four corners of the affidavit." "[P]robable cause must exist within the four corners of the affidavits supporting the warrant." *State v. Miller*, 815 S.W.2d 28, 32[7] (Mo.App.1991).

> The magistrate need only find a "fair probability" that contraband will be found; it is not necessary to establish the presence of contraband either *prima facie*, or by a preponderance of the evidence, or beyond a reasonable doubt. Further, the "magistrate's determination of probable cause should be paid great deference by reviewing courts." (Citing authorities.)

*Laws, supra,* at 70.

"Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." *Massachusetts v. Upton*, 466 U.S. 727, 104 S.Ct. 2085, 2089, 80 L.Ed.2d 721 (1984).

The search warrant was issued by Associate Circuit Judge Dan Conklin at 8:57 a.m., December 7, 1987, pursuant to an "Application for Search Warrant," subscribed and sworn to by Dennis Lewis, a peace officer.

The items sought to be searched for and seized were cocaine, marijuana, and "all other illegally kept controlled substances and narcotic paraphernalia." The person, place or thing to be searched was described as: "1408 North Texas, Springfield, Greene County, Missouri, a single family, single story residence, blue in color, with an attached garage. The residence sets on the southeast corner of Lynn and Texas. Search to include all outbuildings on the property and all vehicles found to be present that belong to the residents or their guests."

The application stated that Lewis had probable cause to believe that the objects sought were now located in the described place, based on the following facts:

"On December 3, 1987, I was contacted by a concerned citizen who wished to provide this department information concerning narcotic trafficking and who wished to remain anonymous for fear of retribution and/or physical harm.

"The concerned citizen stated that approximately one week ago they were present when a drug transaction was discussed and a Face Tunnell left to go pick up cocaine. The citizen stated they followed Tunnell to 1408 North Texas where it was believed she picked up cocaine and returned it to complete the drug transaction.

"On December 3, 1987, I was contacted by a confidential and reliable informant who has provided this department with information in the past concerning narcotic trafficking which has led to the arrest of persons suspected of that and the seizure of narcotics. The informant wishes to remain confidential for fear of retribution or physical harm. The informant stated that within the last two weeks they were present when the resident of 1408 North Texas, a person named Sheffield, sold cocaine from the residence to several other persons. The informant stated they were told that the resident at 1408 North Texas routinely sells substantial amounts of cocaine and marijuana.

"On December 6, 1987, I checked police department records and found that intelligence information exists indicating Faye Tunnell buys and sells narcotics. I further checked Springfield City Utility records and found that the utilities at 1408 North Texas are in the name of Michael Sheffield. Based on all the above information I believe that cocaine and other illegally kept controlled substances are at 1408 North Texas."

▪ The portion of the application setting forth the facts constituting the basis for probable cause is not a model of literary or grammatical excellence. A typographical error likely exists when Faye Tunnell is referred to earlier as Face Tunnell. Twice a plural pronoun is used where a singular one seems appropriate. Nevertheless, the application reasonably supports the following construction: On December 3, 1987, officer Lewis was contacted by a concerned citizen who told him that approximately one week ago the informant was present when a drug transaction was discussed and Faye Tunnell left for the purpose of picking up cocaine. The informant followed Tunnell to 1408 N. Texas, where, so the informant believed, Tunnell picked up cocaine and returned it to the site of the original conversation. Also on December 3, 1987, officer Lewis was contacted by a reliable informant who said that within the last two weeks the informant was present when a person named Sheffield, who resided at 1408 N. Texas, sold cocaine "from the residence" to several people. The informant had hearsay information that Sheffield routinely sells substantial amounts of cocaine and marijuana. On December 6, 1987, Lewis checked police records which showed that Faye Tunnell buys and sells narcotics. He also checked with City Utilities and found that the utilities at 1408 N. Texas are billed to Michael Sheffield.

From the foregoing information, Lewis believed that cocaine and other controlled substances were located, on December 7, 1987, at 1408 N. Texas.

This court holds that the application for the search warrant, viewed in its entirety, stated facts sufficient to show probable cause for the issuance of a search warrant, as required by § 542.276.2(5), and that it met the "probable cause" requirements of Mo. Const. art. I, § 15. This court also holds that Judge Conklin had a substantial basis for concluding that probable cause existed under the Fourth and Fourteenth Amendments to the U.S. Constitution. Defendant's second point has no merit.

Defendant's third point is that the trial court erred in refusing to give Instruction A requested by defendant. An instruction requested by a defendant "shall be submitted in writing." Rule 28.02(b). Whenever there is an MAI–CR instruction applicable under the law and Notes on Use, the MAI–CR instruction shall be given or used to the exclusion of any other instruction. Rule 28.02(c). On appeal, if a point relates to the refusal of an instruction, such instruction "shall be set forth in full in the argument portion of the brief." Rule 30.-06(e). Allegations of error that are not properly briefed on appeal, with exceptions not applicable here, shall not be considered by the appellate court. Rule 30.20. Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom. Id.

▪ Instruction A is not set forth in the argument portion of defendant's brief or in any other portion of it. This court, in its discretion under Rule 30.20, has re-

viewed the record on appeal for possible plain error. Instruction A, which is in the legal file, varies from an MAI–CR instruction which was suitable for the request. No plain error appears. Defendant's third point has no merit.

Defendant's fourth point is that the trial court erred in denying his motion to remand the cause to the associate division for a preliminary hearing. This motion was presented to the court on the morning of June 1, 1990, the first day of the jury trial and over six months after present counsel had entered his appearance on behalf of defendant.

The motion was based on the ground that defendant's waiver of a preliminary hearing on April 10, 1989, was invalid by reason of ineffective assistance of defendant's original counsel, William Wendt. Present counsel replaced Wendt in November 1989, when Wendt was granted permission to withdraw. Defendant argues that the trial court lacked jurisdiction to proceed to trial on the information because the waiver was tainted.

In *State v. Wheat*, 775 S.W.2d 155 (Mo. banc 1989), defendant, on direct appeal from a felony conviction based on a jury verdict, sought to complain of ineffective assistance of counsel. The court held defendant's failure to file a Rule 29.15 motion waived the right to raise that claim. Rule 29.15 sets forth the procedure for obtaining relief from a felony conviction on certain grounds which include a denial of constitutional rights and lack of jurisdiction of the court imposing the sentence. The court rejected defendant's argument that appellate review of the claim was permissible on direct appeal where the record was sufficient to permit review.

The court said, at 157: "Under the explicit language of [Rule 29.15], the scheme fashioned there provides the '*exclusive procedure*' by which a person may seek relief in the sentencing court, and as noted above, failure to file such motion constitutes a complete waiver of the right." (Emphasis in original.) To similar effect see *State v. Riley*, 787 S.W.2d 314, 316[2, 3] (Mo.App.1990); *State v. Johnston*, 786

S.W.2d 220, 222[3] (Mo.App.1990). See also *Crandall v. State*, 785 S.W.2d 780, 781 (Mo.App.1990).

Defendant did not file a Rule 29.15 motion, although the trial court informed him of his right to do so. By not filing such motion, defendant waived his right to make the complaint set forth in his fourth point.

The judgment is affirmed.

SHRUM, P.J., and MAUS, J., concur.