**STATE of Missouri, Plaintiff–Respondent,**

v.

**Kevin Wayne HILL, Defendant–Appellant.**

**Nos. 18158, 18160.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 7, 1993.

Daniel T. Moore, L. Joe Scott—Daniel T. Moore, Poplar Bluff, for defendant-appellant.

Robert Z. Oberzalek, Pros. Atty., Shannon County, Eminence, for plaintiff-respondent.

GARRISON, Judge.

Defendant (appellant) was convicted by the trial court of two Class A misdemeanors: knowingly possessing less than thirty-five grams of marijuana, and possession of drug paraphernalia. The sole issue on appeal is whether the trial court improperly denied defendant's motion to suppress.

Defendant contends that a search warrant was issued on the basis of an affidavit which did not establish probable cause. In particular, defendant alleges the affidavit was insufficient to permit the trial court to make a practical, common sense decision under all the circumstances that probable cause existed for issuance of the warrant, because it contained no basis for the reliability of an informant (it did not state what reliable information the informant had given on prior occasions); it did not disclose the basis of the information given by the informant; it was based on hearsay; and it did not contain collateral facts obtained by direct observation by police officers.

■ The existence of probable cause for the issuance of a search warrant is a question of fact. We are to give great deference to the initial judicial determination of probable cause and reverse only if that determination is clearly erroneous. *State v. Berry*, 801 S.W.2d 64, 66 (Mo. banc 1990). A trial court's findings are clearly erroneous if the appellate court is left with a definite and firm impression from the record that a mistake has been made. *State v. Leisure*, 810 S.W.2d 560, 575 (Mo. App.1991).

The affidavit in question was signed by the Shannon County Sheriff on August 16, 1991 and stated:

Sheriff Larry O. Rutledge, of lawful age, being first duly sworn, deposes and says that he has reason to believe that certain controlled substances, to-wit:

marijuana and paraphernalia used to package, store, sell or ingest marijuana,

is being kept and secreted in the place described as:

506 North Sapper Street, Winona, MO, owned by Ray Allmon, and occupied and resided in by Kevin Hill and Tammy Hill, and further described by the attached diagram and pictures of said residence, and curtilage thereto.

Affiant states that he has reasonable grounds to believe that such material is being kept and secreted in the described premises because:

A confidential informant, who has given this officer reliable information in the past, told this officer that on August 11, 1991, he observed Kevin Hill in possession of a brown paper bag containing green leafy plant material which he recognized to be marijuana. Said informant informed this officer that he had personal knowledge that a friend of his purchased one marijuana cigarette on August 11, 1991, at the above described residence, from Kevin Hill for the price of two dollars.

Another confidential informant told this officer that Kevin Hill was selling marijuana cigarettes for two dollars each at the above described address. On the same date said informant, also, gave this officer a note indicating that Kevin Hill is selling marijuana cigarettes for two dollars each. A copy of said note is attached and incorporated in this affidavit.

■ The test for determining whether probable cause has been established for the issuance of a search warrant is the "totality of the circumstances." *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In that case, the court said:

The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had

a "substantial basis for ... conclud(ing)" that probable cause existed.

*Illinois v. Gates,* 462 U.S. at 238–239, 103 S.Ct. at 2332, 76 L.Ed.2d at 548. In describing the concept of "probable cause," the court quoted, with approval, the following:

In dealing with probable cause, ... as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.

*Illinois v. Gates,* 462 U.S. at 231, 103 S.Ct. at 2328, 76 L.Ed.2d at 544.

■ The concepts of "veracity," "reliability," and "basis of knowledge" are relevant considerations but they are not entirely separate and independent requirements to be rigidly applied in every case. *Illinois v. Gates,* 462 U.S. at 230, 103 S.Ct. at 2328, 76 L.Ed.2d at 543. Under the "totality-of-the-circumstances" method of analysis, a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing of the other "or by some other indicia of reliability." *Illinois v. Gates,* 462 U.S. at 233, 103 S.Ct. at 2329, 76 L.Ed.2d at 545.

■ The affidavit in question states that one of the informants had given the sheriff reliable information in the past. Defendant argues the affidavit was deficient in failing to include the underlying facts demonstrating reliability or veracity. The Missouri Supreme Court, however, has indicated that factual statements supporting the assertion of past reliability are not always required. *See State v. Laws,* 801 S.W.2d 68 (Mo. banc 1990).

The affidavit also stated that the same informant "had personal knowledge" that a friend five days earlier had purchased a marijuana cigarette for two dollars from defendant at his residence. Defendant construes this statement to mean that the informant was not present when the marijuana was purchased so the information was obtained by hearsay from others. The following excerpt from defendant's brief illustrates this argument:

The confidential informant goes on to state that he has information that a friend of his purchased a marijuana cigarette. He claims to have personal knowledge but it does not state how he had personal knowledge. To many people, personal knowledge and hearsay are one and the same and since there is no other identifying characteristic, it must be assumed that this confidential informant was not with his friend when he purchased the marijuana cigarette.

■ We do not agree with defendant's construction of the affidavit. The affidavit in support of a search warrant should be weighed as understood by those versed in law enforcement and not in terms of library analysis by scholars. *Illinois v. Gates,* 462 U.S. at 232, 103 S.Ct. at 2329, 76 L.Ed.2d at 544. The *Gates* court also noted that such affidavits are normally drafted by non-lawyers in the haste of a criminal investigation; that a grudging or negative attitude toward warrants by reviewing courts is inconsistent with the Fourth Amendment's preference for searches by warrant; and courts should not invalidate warrants by interpreting affidavits in a hypertechnical rather than common sense manner. *Illinois v. Gates,* 462 U.S. at 235–236, 103 S.Ct. at 2330–2331, 76 L.Ed.2d at 546. *See also State v. Miller,* 815 S.W.2d 28, 32 (Mo.App.1991). Under this standard, we do not believe the trial court was required to interpret the affidavit as meaning the informant obtained his information by hearsay from others when he says he "had personal knowledge."

■ The affidavit in question was not signed by the informant, so the statement attributed to him is, itself, hearsay. Hearsay, however, can be a proper basis to establish probable cause if there is a substantial basis for crediting the hearsay. *United States v. Harris,* 403 U.S. 573, 581, 91 S.Ct. 2075, 2081, 29 L.Ed.2d 723, 732 (1971); *State v. Ambrosio,* 632 S.W.2d 262, 265 (Mo.App.1982). The hearsay statement *of an informant can be sufficient if the* affidavit shows that the information was obtained through personal observation and if the informant's statements are corroborated through other sources. Under those circumstances, it is unnecessary to establish the past reliability of the informant. *State v. Laws,* 801 S.W.2d at 69; *State v. Ambrosio,* 632 S.W.2d at 265.

■ In the instant case, the affidavit states that the informant had personal knowledge of the sale of a marijuana cigarette for two dollars at defendant's residence. Corroboration of the information is found in other statements in the affidavit to the effect that the sheriff had information from other informants that defendant was selling marijuana cigarettes for two dollars at his residence. Such corroboration can come from other informants' tips reflected in an affidavit, even where there is no showing of the corroborating informant's past reliability. *See State v. Weber,* 768 S.W.2d 645 (Mo.App.1989). Corroboration can also be supplied by a statement in the affidavit that the informant to whom the hearsay statement is attributed has been found to be reliable in the past. *State v. Laws,* 801 S.W.2d at 70. The affidavit in question contained corroboration in both of these ways; there was, therefore, a substantial basis for crediting the hearsay statement of the informant contained in the affidavit of the sheriff.

■ Defendant's argument that the affidavit was insufficient because it did not also contain collateral facts from direct observations by police officers is not well taken. As indicated above, corroboration of an informant's statements can come from varying sources. It is not required that they take the form of direct observation by police officers in every instance. In *State v. Laws,* 801 S.W.2d at 71, the Missouri Supreme Court indicated, *in dicta,* that the affidavit there in question would have been sufficient without the portion reflecting personal observations by the police officer. In *State v. Weber, supra,* this court found probable cause for the issuance of a search warrant from affidavits by police officers, based upon information given them by informants and without there being independent observations by the officers themselves. Finally, while *Illinois v. Gates,* 462 U.S. at 241–242, 103

S.Ct. at 2334, 76 L.Ed.2d at 550, recognizes the value of corroboration by independent police work, it does not establish a requirement that each affidavit contain that information.

It is not required that the affidavit provide proof beyond a reasonable doubt or by a preponderance of the evidence, the rule being that "only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." *Illinois v. Gates*, 462 U.S. at 235, 103 S.Ct. at 2330, 76 L.Ed.2d at 546. The trial court's ruling is to be sustained if it is plausible, in light of the record viewed in its entirety, even if the reviewing court might have weighed the evidence differently if it were sitting as the trier of fact. *State v. Miller*, 815 S.W.2d at 32. Even cases where the sufficiency of the affidavit is marginal should be largely determined by the preference to be accorded to warrants. *State v. Sheffield*, 821 S.W.2d 859, 862 (Mo.App.1991).

We hold that in the instant case the trial court had a substantial basis, under the totality-of-the-circumstances test of *Illinois v. Gates, supra*, to determine that there was a fair probability the search would uncover evidence of marijuana and paraphernalia and, therefore, for finding probable cause for the issuance of the search warrant. The judgment of conviction is affirmed.

MONTGOMERY, P.J., and FLANIGAN, J., concur.