**STATE of Missouri, Appellant,**

v.

**William Scott BOWEN, Respondent.**

No. WD 51621.

Missouri Court of Appeals, Western District.

June 25, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 30, 1996.

Application to Transfer Denied Sept. 17, 1996.

**464**

Michael D. Fusselman, Prosecuting Attorney, Moberly, for Appellant.

Michale Thomas Yonke, for Respondent.

Before LOWENSTEIN, P.J., and HANNA and SPINDEN, JJ.

LOWENSTEIN, Presiding Judge.

This is an appeal by the state from an order quashing a search warrant and suppressing evidence in a prosecution for possession of marijuana with intent to distribute. After a search of William Bowen's place of business produced marijuana and statements made by Bowen, that evidence was suppressed by the granting of a motion to quash the warrant and suppress evidence.

The evidence and statements produced by the search warrant and subsequently suppressed are as follows:

When the search warrant was executed at Bowen's automotive business, a vehicle described in the affidavit supporting the warrant was found inside the garage. According to information used to obtain the search warrant, the vehicle contained 200 lbs. of marijuana.

Police asked Bowen if he knew who the owner of the vehicle was, and Bowen replied that he did not own it and had sold it to another individual. While police attempted to locate the keys to the automobile, a drug-sniffing dog alerted to the presence of drugs in the trunk of the vehicle.

When the trunk was opened, 21 lbs. of marijuana was found. As he and co-workers were arrested, Bowen stated, "Why are you arresting him? He didn't know anything about it." While in custody at the Moberly Police Department, Bowen stated, "Charlie, when these guys start telling you what they are going to do, you don't have to listen to them. Remember the game plan."

The state now contends that the trial court erred in granting the motion to suppress because the affidavit in support of the complaint for a search warrant was sufficient to allow the issuing court to find probable cause that drugs would be found. Bowen argues that all evidence found through the search warrant should properly have been suppressed because A) there was no probable cause; B) the warrant did not specify the place to be searched with sufficient certainty, and C) the evidence gained was therefore "fruit of the poisonous tree."

The affidavit in support of the complaint for search warrant by Sergeant Randle E.

King stated that he believed marijuana was being kept in a garage operated as a tire and oil business by Bowen. The basis of Sgt. King's belief was that a confidential informant who had provided him with reliable information in the past provided him with the following information:

On February 1, 1995, a two hundred pound shipment of marijuana was delivered to William Scott Bowen, at his place of business, located at 411 Sparks Avenue, Moberly, MO. The confidential informant was given this information by a personal friend who personally viewed the marijuana on February 1, 1995, inside the place of business, within the trunk of a disabled blue and black passenger car inside the west bay of the place of business. The confidential informant was told that the marijuana was in packages wrapped in plastic and some type of fabric [sic] softener [sic] sheets to mask the odor of marijuana.

Also attached to the complaint was the sworn statement of Sgt. King that he had verified that Bowen, a convicted drug offender, operated a business out of the garage and was present at the business on February 3. The details of the description of the business matched what the informant had told him. Further, the confidential informant had seen a blue and black car inside the west bay of the business and so informed Sgt. King.

Sgt. King testified that he verified the information within 12 hours because he was concerned that the drug cache would disappear. When the search warrant was executed on February 4, police found twenty-one pounds of processed marijuana in the trunk of a car.

A suppression hearing was held July 17, 1995 on Bowen's motion. The motion to quash the search warrant was granted, and the marijuana and statements by Bowen to police were suppressed. The state appealed under § 542.296, RSMo. (1994).

## STANDARD OF REVIEW

■ In reviewing a motion to suppress based upon an insufficient warrant, this court gives great deference to the initial judicial determination of probable cause made at the time of the issuance of the warrant, and reverses only if that determination is clearly erroneous. *State v. Berry*, 801 S.W.2d 64, 66 (Mo. banc 1990).

■ In reviewing whether the issuing judge was clearly erroneous, this court looks to the four corners of the affidavit in support of the search warrant, set out in part above. *State v. Laws*, 801 S.W.2d 68, 70 (Mo. banc 1990).

## A. PROBABLE CAUSE

■ When a judge is asked to determine whether there is probable cause to issue a warrant, he or she looks to the "totality of the circumstances"; the duty of the issuing magistrate is to,

make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).

■ When dealing with a confidential informant,

an informant's "veracity," "reliability," and "basis of knowledge" are all highly relevant in determining the value of his report. We do not agree, however, that these elements should be understood as entirely separate and independent requirements to be rigidly exacted in every case.... Rather, ... they should be understood simply as closely intertwined issues that may usefully illuminate the common sense, practical question whether there is "probable cause" to believe that contraband or evidence is located in a particular place. *Id.* at 230, 103 S.Ct. at 2328.

The emphasis on common sense and practicality in determining whether there is probable cause is because

In dealing with probable cause, ... as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and pru-

dent men, not legal technicians, act. *State v. Hill,* 854 S.W.2d 814 (Mo.App.1993)(quoting *Gates,* 462 U.S. at 231, 103 S.Ct. at 2328).

■ Here, Bowen argues that there was no probable cause because the "information provided by an unknown third party to a confidential informant was unreliable, unverified, uncorroborated and insufficient to create probable cause" and because the information provided to the informant was double hearsay.

■ Under the "totality of the circumstances" method of analysis, a deficiency in one [of the concepts of "veracity," "reliability," and "basis of knowledge"] may be compensated for, in determining the overall reliability of a tip, by a strong showing of the other "or by some other indicia of reliability." *Hill,* 854 S.W.2d at 817 (Mo.App.1993), (quoting *Gates,* 462 U.S. at 233, 103 S.Ct. at 2329).

■ The information given by the confidential informant was hearsay. Hearsay, however, can be a proper basis to establish probable cause if there is a substantial basis for crediting the hearsay. *Hill,* 854 S.W.2d at 818 (Mo.App.1993), (citing *U.S. v. Harris,* 403 U.S. 573, 581, 91 S.Ct. 2075, 2080–81, 29 L.Ed.2d 723 (1971)); *State v. Ambrosio,* 632 S.W.2d 262, 265 (Mo.App.1982). The informant was said to have given reliable, valuable information in the past. Further, the informant confirmed the existence of a blue and black car in the west bay of Bowen's business by personal observation. The informant's statement is corroborated by the fact that he had been found reliable in the past and had learned his information through personal observation. *See State v. Laws,* 801 S.W.2d at 70.

The problem is that the confidential informant's information by itself does not support a finding of probable cause. The confidential informant did not see the marijuana, only the "personal friend" of the informant did. The identity of the friend was not given, so this court must determine if there was a substantial basis for crediting the second level of hearsay told by the friend to the informant to Sgt. Hill.

Both parties cite to *State v. Hammett,* 784 S.W.2d 293 (Mo.App.1989). In *Hammett,* the Eastern District of this court held that an affidavit for a search warrant which was based on fourth-hand hearsay was insufficient to support probable cause. In *Hammett,* "there [was] nothing in the affidavit that establishe[d] the veracity" of the second, third, or fourth levels of hearsay. *Id.* at 296.

It is true that "[w]hen there are multiple levels of hearsay ... sufficient information must be presented so that all levels of hearsay may be properly relied upon." *Id.* The instant case differs from *Hammett* in several ways which allow the hearsay to be properly relied upon to support probable cause.

First, the affidavit reveals that the friend personally viewed the marijuana in the car. In *Hammett,* there was no information that any of the levels of information were based upon personal observation. Similarly, the description is specific as to 1) the date of delivery of the marijuana, 2) the amount of the marijuana, 3) the packaging of the marijuana in plastic and fabric softener, 4) the place of delivery, and 5) the location of the marijuana within the trunk of a disabled blue and black passenger car inside the west bay. This description "bears the unmistakable marks of firsthand observation." *See State v. Byler,* 810 S.W.2d 677, 680 (Mo.App.1991) (quoting *State v. Berry,* 801 S.W.2d 64, 67 (Mo. banc 1990)). The level of detail, while not predictions of future events, seems on a par with *Gates* in that it shows a fair probability that contraband would be found at Bowen's business. *Gates,* 462 U.S. at 213, 103 S.Ct. at 2317.

■ Second, Sgt. King "verified the accuracy of the only information he was capable of confirming," *Byler, id.* at 680. Sgt. King verified the details of the description of the business and its owner, and the confidential informant stated that he had verified the existence of the blue and black car within the premises. "[C]orroboration of an informant's statements can come from varying sources." *State v. Hill,* 854 S.W.2d 814, 818. Sgt. King testified that he quickly sought a search warrant because of the fear that the cache would disappear. Yet even in the limited time available to him he corroborated all that he

could have (unlike the police in *Hammett*). "It is enough, for purposes of assessing probable cause, that '[c]orroboration through other sources of information reduced the chances of a reckless or prevaricating tale,' thus providing 'a substantial basis for crediting the hearsay.'" *Gates,* 462 U.S. at 245, 103 S.Ct. at 2335 (citation omitted).

This court concludes that the issuing judge had a substantial basis for concluding there was a fair probability that contraband would be found in defendant's residence. The state's point requesting reversal of the order quashing the search warrant and suppressing the evidence acquired through the execution of the warrant is granted.

## B. SCOPE OF THE WARRANT

 Bowen also argued to the trial court on the motion to quash the search warrant that the warrant was invalid because it did not describe the vehicle to be searched with sufficient certainty under § 542.276(10)(5), RSMo. (1994) and because its scope was too broad, given that the information was that drugs were inside a car, not Bowen's business in general. First of all, Bowen does not contest that the contraband and the place of business were sufficiently described. Second, "the search of an entire residence for contraband is not overbroad when the contraband is of the type that could easily be concealed anywhere within the residence." *State v. Gardner,* 741 S.W.2d 1, 8 (Mo. banc 1987), *cert. denied,* 486 U.S. 1025, 108 S.Ct. 2001, 100 L.Ed.2d 232 (1988). The warrant stands.

The order quashing the warrant and suppressing the evidence is hereby reversed, and the case is remanded to the trial court.

All concur.