STATE of Missouri, Respondent,

v.

Bryan Scott SKAGGS, Appellant.

No. 45331.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 5, 1983.

Ken Seufert, Farmington, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Gary Stevenson, Pros. Atty., Farmington, for respondent.

CRIST, Judge.

Bryan Skaggs (defendant) appeals from a judgment entered on a jury verdict convicting him of second degree burglary and stealing without consent, §§ 569.170 and 570.030, RSMo. 1978 respectively, on which he was sentenced to serve two consecutive two-year terms with the Department of Corrections. He contends the State obtained some of the evidence it used at his trial through a search warrant issued on a false affidavit, and that under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the trial court erred by denying his pre-trial motion to quash the warrant and suppress the evidence. We conclude defendant's pretrial motion to suppress was properly denied. The judgment is affirmed.

The issues on appeal do not warrant a detailed review of the evidence. The East Middle School in Esther, Missouri, was burglarized on November 20, 1980, and among the miscellany reported missing was a sweatsuit with a "27" on it. Five days later in nearby Bonne Terre there was a daytime burglary of a residence, from which firearms (including a .44 magnum pistol), jewelry and cash were taken. Later that same day defendant's confederate in the latter burglary was questioned by police and he implicated defendant, whereupon an Esther Police Officer, Bill Korber, and a St. Francois County Deputy Sheriff went to defendant's residence in Esther in the early morning hours the next day. Defendant's father roused him from bed in a back bedroom and the officers "pick[ed] him up."

Later that day police officers obtained two search warrants. One was to search for the .44 caliber pistol. The other was to search for property stolen from the school, and it issued on the affidavit of Officer Korber who stated, among other things:

> [T]he affiant [i.e., Korber] entered into the small dwelling occupied by Bryan Skaggs as he had placed Bryan Skaggs under arrest and was taking him to St. Francois County Jail for questioning and when he followed Mr. Skaggs into said dwelling, he saw a sweatsuit matching the description of one that had been stolen in the [East Middle School] burglary on November 20, 1980, that sweatsuit being # 27 . . . .

The "small dwelling" mentioned in the affidavit was further described in the warrant as "a small white dwelling occupied by Bryan Skaggs and located directly behind the residence owned by his father Donald Skaggs at 705 Eighth Street in Esther, Missouri." When officers searched the dwelling, they found the evidence defendant sought to suppress.

Defendant's claim of a false affidavit and hence a voidable search warrant is based entirely on Officer Korber's testimony at the hearing on defendant's motion to suppress. The officer's testimony about events

following the point at which defendant's father woke him up was as follows:

Q. [Defendant's counsel] Did you or the officer sit down in the living room and question [defendant]?

A. [Officer Korber] No.

Q. Did you take him out to your vehicle?

A. Not mine.

Q. You escorted him to the deputy's vehicle?

A. I went with the deputy.

Q. In his vehicle?

A. In the deputy's vehicle.

Q. Where did you go from [defendant's] house?

A. Where did I go?

Q. Did you stay with him?

A. No.

Q. Or did you go some—did he take you back to the police station?

A. No. I had my car out there.

\* \* \* \* \* \*

Q. Did you escort [defendant] and the officer to his car?

A. No. The officer and I and [defendant] walked to the car together.

\* \* \* \* \* \*

Q. And that's the last you saw, they were taking off?

A. Right.

[Defendant's counsel] I have no further questions.

Defendant says the testimony just quoted and the affidavit excerpt quoted earlier are inconsistent, and he concludes the discrepancy shows the latter to be false.

■ Our answer is three-fold: First, one need only read the parts of Officer Korber's testimony and affidavit upon which defendant relies to see they are not inconsistent. Nothing in either statement contradicts or even concerns anything in the other. Second, even if there were a contradiction, that would not necessarily show the affidavit's statement to be false. A contradiction or inconsistency of two statements implies only that both cannot be true or false together, see, e.g., 3A J. Wigmore, *Evidence in Trials at Common Law* § 1017, at 993 (Chadbourn rev. 1970). Thus, in the abstract, it would be just as likely the testimony were false.

■ And third, defendant raised no issue under *Franks v. Delaware, supra* in any event. A constitutional attack on the veracity of a search warrant affidavit, sufficient to void the search warrant and exclude the fruits of the search conducted thereunder, may proceed only on the "substantial preliminary showing" prescribed in *Franks,* 438 U.S. at 171, 98 S.Ct. at 2684, and set out below so far as pertinent here:

There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of the supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

Ordinarily, the preliminary showing required by *Franks* must be made by a motion to suppress. *See: People v. Dailey,* Colo., 639 P.2d 1068, 1074–75 (1982) (en banc). Defendant omitted the issue in his motion to suppress, and neither submitted nor explained the absence of the required supporting statements and affidavits. As defendant did not satisfy *Franks'* threshold requirements for even raising an issue thereunder justifying the suppression of evidence, the trial court did not err by refusing to grant relief on that ground. *See: People v. Pointdexter,* 90 Mich.App. 599, 282 N.W.2d 411 (1979).

■ Defendant also contends he was illegally arrested and that therefore all evidence thereafter acquired must be suppressed and the information quashed. The point was not raised in defendant's motion for new trial and was therefore not preserved for appellate review. *State v. Hurtt,* 509 S.W.2d 14, 15 (Mo.1974). Nor does the record pertaining to this claim show manifest injustice or a miscarriage of

justice that would warrant our use of the plain error doctrine under Rule 29.12(b) to overturn this conviction.

The judgment is affirmed.

CRANDALL, P.J., and REINHARD, J., concur.