**STATE of Missouri, Respondent,**

v.

**Clarence LAWS, Appellant.**

**No. 72610.**

Supreme Court of Missouri, En Banc.

Dec. 18, 1990.

Lew Polivick, Sikeston, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Breck K. Burgess, Asst. Attys. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

Defendant, convicted on two counts of possessing controlled substances, §§ 195.-020, 195.240, RSMo 1986, was sentenced as a persistent offender to concurrent terms of eight years' imprisonment on each count. We granted transfer from the Missouri Court of Appeals, Southern District, and now determine the cause as on original appeal. Mo. Const. art. V, § 10. Affirmed.

At issue is the constitutional validity of the search warrant leading to defendant's conviction. Trooper Nelson Wallis of the Missouri State Highway Patrol testified he had received many calls from the particular informant involved, stating that defendant was transporting a white powdered substance, but Wallis took no action on the calls until he received information which he could perhaps verify. Surveillance of defendant's property was commenced and on approximately three occasions was unfruitful, but on October 28, 1987, the informant again called Wallis advising that Laws was bringing a shipment of what was believed to be cocaine. Wallis again established surveillance at Laws' home and saw three persons enter the trailer, one of whom he recognized as a suspected drug user and dealer. Shortly thereafter, Laws emerged

from the back of the trailer with a small rug, shook it out, and swept the vicinity of the back steps, activity which Wallis found consistent with suspected drug dealing. On October 31, the informant again called Wallis and told him Laws had gone to Arkansas to obtain cocaine and would return sometime late that night or early the next morning. The informant promised to call when Laws returned to town.

■ The promised call came on the morning of November 1, and Wallis immediately executed an affidavit preparatory to obtaining the questioned warrant. The text of the affidavit follows:

Nelson Wallis, first being duly sworn, states as follows:

1. That he is a low (sic) enforcement officer in the County of New Madrid and State of Missouri, and

2. That he has reliable information from a previous reliable source that Clarence Law (sic) is presently in possession for sale and distribution certain controlled substances, to-wit: cocaine, cocaine derivatives and marihuana, together with weighing scales, at his home in Portageville, Missouri, and

3. That the affiant has personally observed activities on the porperty (sic) of Clarence Law (sic) that are consistent with the sale and distribution of a controlled substance that include many late night and secretive visits to the premises by persons suspected to be involved in illegal drug trafficing (sic) activities.

Further affiant saith not.

The warrant was issued by the circuit judge, and the next day Wallis, with other officers executing the search of the Laws property, found and seized the following items:

$3550 in cash
Drug paraphernalia
1 bag of marijuana seed
2 bags of marijuana
1 bag of a white substance
88 valium pills, 10 mg. each
1 bag of hashish
3 sets of weighing scales
1 record book

The trial court denied defendant's motion to quash the warrant and suppress the evidence. Implicit in the court's reasoning was a finding that no probable cause existed for the search, but the court found applicable the "good faith" exception to the exclusionary rule enunciated in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

On appeal, defendant first contends there was no showing of probable cause sufficient to support issuance of the warrant. In this regard, it first should be noted that the United States Supreme Court no longer requires the two-prong test of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), for determining the sufficiency of a search warrant based on information supplied by an informant. In *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983), the Court held that the veracity and basis of knowledge of informants need no longer be established, but that the judge issuing the warrant:

is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the [judge] had a "substantial basis for ... conclud[ing]" that probable cause existed.

Even under the *Aguilar* standard, it was "unnecessary to establish the past reliability of the informant," *State v. Ambrosio,* 632 S.W.2d 262, 265 (Mo.App.1982), and many courts upheld warrants issued on assertions that the informant had been reliable in the past. *See* 1 LaFave, *Search and Seizure* § 3.3(b) (1987), and cases cited. As stated in *Jones v. Crouse,* "[f]actual statements of past reliability are sufficient basis 'for the magistrate to gauge independently the reliability of the informer.'" 447 F.2d 1395, 1399 (10th Cir.1971), *cert. denied,* 405 U.S. 1018, 92 S.Ct. 1298, 31 L.Ed.2d 480 (1972) (quoting *United*

States v. Mendoza, 433 F.2d 891, 894 (5th Cir.1970)). The stringent requirements of *Aguilar* have given way to the common sense test of *Gates*, and in *State v. Bauers*, 702 S.W.2d 896, 900 (Mo.App.1985), it was aptly stated that under *Gates:*

> The requisite substantial basis for use of hearsay is met if the affidavit shows that the informant learned the information through personal observation and if the informant's statements are corroborated through other sources. *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 2081, 29 L.Ed.2d 723 (1971). It is unnecessary to establish the past reliability of the informant.

■ Examining the four corners of the affidavit[1] we find the informant's statements corroborated by the fact that he had been found reliable in the past, and implicit in the affidavit is an understanding that the informant learned his information through personal observation. As stated by the Supreme Court in *Gates*, "so long as the magistrate had a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." 462 U.S. at 236, 103 S.Ct. at 2331 (quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960)). The magistrate need only find a "fair probability" that contraband will be found, *id.;* it is not necessary to establish the presence of contraband either *prima facie*, or by a preponderance of the evidence, or beyond a reasonable doubt. *State v. Hall*, 687 S.W.2d 924, 929 (Mo.App.1985). Further, the "magistrate's 'determination of probable cause should be paid great deference by reviewing courts.'" *Gates*, 462 U.S. at 236, 103 S.Ct. at 2331 (quoting *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969)).

We find that on the basis of the affidavit before him, the magistrate had a substantial basis for concluding there was a "fair probability" that the search would uncover evidence of criminal activity. This conclusion is supported by a number of cases in this jurisdiction upholding the constitutional validity of searches premised upon tips by informants found to be reliable in the past. In *State v. Hall*, 687 S.W.2d 924, 928–29 (Mo.App.1985), an officer stated that the informant, who had previously provided reliable information, reported witnessing a drug sale at the defendant's residence. This was bolstered by the officer's knowledge that the defendant had been associated with narcotics and arrested for felony possession of marijuana. In *State v. Weber*, 768 S.W.2d 645, 649 (Mo.App. 1989), one affiant stated a source who had given him reliable information in the past said he witnessed a cocaine purchase at defendant's residence, and another affiant stated that a different informant told him he had seen cocaine in the defendant's home. The affidavit also stated that neighbors noticed numerous cars coming to defendant's residence but the visitors stayed only a short time. This was found sufficient to support a finding of probable cause.

Similarly, in *State v. Sargent*, 702 S.W.2d 877, 881–82 (Mo.App.1985), the informant's statement that she observed marijuana in defendant's residence was corroborated by police surveillance establishing that two known drug users visited the residence and remained only a short period of time. Further, one officer stated that a reliable source reported drug sales and usage on the property. Finally, in *State v. Luleff*, 729 S.W.2d 530, 533–34 (Mo.App. 1987), the search warrant was predicated merely on the defendant's wife's statement that there was cocaine in the home. There was no corroboration of any kind on the face of the affidavit, although police knew the defendant as a drug dealer and were further aware that his wife had a criminal record for sale of a controlled substance.

---

1. We find no indication in *Gates* that an appellate court may look beyond the affidavit in determining whether there was probable cause to search. In this we are not unmindful of the obvious inconsistency between the affiant's statement that he witnessed "many late night and secretive visits to the premises" and his later testimony that he observed only one such visit. This issue is addressed *infra.*

In light of these precedents, we reiterate that the magistrate had a substantial basis for concluding there was a fair probability that contraband would be found in defendant's residence. In this regard, we find the holding of *State v. Hammett*, 784 S.W.2d 293 (Mo.App.1989), cited by defendant, which dealt with four discrete levels of hearsay, quite inapposite.

 Though the trial court found no probable cause, it upheld the warrant on the theory of the "good faith" exception to the exclusionary rule. On the other hand, because we conclude the record sufficiently established a basis for probable cause, there is no need to address the "good faith" exception enunciated in *Leon*, 104 S.Ct. 3405. However, defendant does raise a claim under the rubric of *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), asserting that the affidavit of Trooper Wallis contained deliberate falsehoods. Defendant's "Motion to Quash Search Warrant and to Suppress Evidence" alleges merely "[t]hat the search warrant was illegally issued because it was based upon perjured and misleading information contained in the supporting affidavit." This bald assertion falls far short of the level required to raise a claim under *Franks*, which teaches that:

> the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

98 S.Ct. at 2684. Defendant's motion contains only the conclusory allegation that information in the affidavit was "perjured and misleading." The motion was accompanied by no offer of proof, no affidavits of witnesses, nor any explanation for the absence of such. It fails to demonstrate which portion of the affidavit is claimed to be false. *See State v. Skaggs*, 650 S.W.2d 23, 25 (Mo.App.1983). The motion fell far short of its intended mark and stated no claim cognizable under *Franks*. We note gratuitously, however, that if stripped of the challenged statement that the officer observed many late night visits to the property, the affidavit was sufficient in the true statement that affiant had information from "a previous reliable source" that defendant was in possession of narcotics.

Affirmed.

BLACKMAR, C.J., ROBERTSON, HIGGINS, COVINGTON and BILLINGS, JJ., and SHRUM, Special Judge, concur.

HOLSTEIN, J., not sitting.