STATE of Missouri, Respondent,

v.

Brian Edwin NEHER, Appellant.

No. SC 87860.

Supreme Court of Missouri,
En Banc.

Jan. 9, 2007.

Rehearing Denied Feb. 27, 2007.

Kent Denzel, Office of Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for Respondent.

PER CURIAM.[1]

### Introduction

The State charged Brian Neher with five drug offenses. Neher waived a jury

1. This Court transferred this case after an opinion by the Court of Appeals, Southern

and was tried by the court. The court found Neher guilty of four of the offenses as charged and a lesser included offense of the fifth offense that was charged. Neher complains that the court violated his right to be free from double jeopardy by finding him guilty of the lesser included offense and that the evidence seized pursuant to the search warrant should not have been admitted because there was insufficient probable cause to support the warrant. Neither complaint is well taken. The judgment is affirmed.

## Facts

A confidential informant called the Barton County sheriff concerning Brian Neher. On the basis of the call, the sheriff applied for a warrant to search Neher's home. In an affidavit attached to the warrant application, the sheriff stated:

Your affiant, being a duly sworn peace officer in the State of Missouri, received a phone call from a reliable confidential informant on today's date of 08-30-2004, about [Defendant] who resides at 4 SE 95th Rd in Barton County. [Defendant] lives in a white trailer house, which is approximately a 16x60 and lives on a dead end road in Barton County. It is better described as the first trailer house west of the railroad tracks, and it is the trailer house right next to his parents house on 95th rd. The confidential informant has previously given information to your affiant which has

been corroborated and found to be reliable.

The confidential informant contacted your affiant, Sheriff William A. Griffitt on today's date of 08-30-2004 and stated that [Defendant] was cooking meth late last night (8/29-30/04). The confidential informant also stated that [Defendant] has all the chemicals used in the manufacturing methamphetamine. The confidential informant also stated that he also is in possession of paraphernalia for the manufacturing and use of methamphetamine.

[Defendant] is a known drug user, and manufacturer in Barton and Jasper Counties, and also has a criminal history for possession of controlled substance. One of his associates who was at the residence on 08-29-2004, was a Carl Dale Carter who also has an extensive criminal history involving dangerous drugs including Methamphetamine. Carl Dale Carter was arrested for possession of a control substance on 02-07-2000 in Barton County.

The application and affidavit were reviewed by a judge, who issued a warrant to search Neher's premises after finding probable cause to believe methamphetamine and drug paraphernalia were being kept there.

On the day the warrant issued, police officers executed it. During the search, the officers seized methamphetamine, marijuana and numerous items of drug paraphernalia from Neher's home.[2] Thereaf-

---

District, authored by the Honorable Jeffrey W. Bates. *Mo. Const. article V, section 10.* Parts of that opinion are incorporated without further attribution.

**2.** The items seized included: a plastic bag containing .33 grams of methamphetamine; two metal spoons, a piece of glass tubing, a plastic pen barrel, and three glass pipes containing methamphetamine residue; a bottle of liquid containing methamphetamine; coffee

filters containing ephedrine or pseudoephedrine; a bottle of liquid containing ephedrine or pseudoephedrine; a packet of twenty-four capsules of Sudafed; seven full blister packs of nasal decongestant antihistamine tablets; containers of iodine, starting fluid, camp fuel, muriatic acid, hydrogen peroxide, acetone, and red devil lye; plastic tubing and various plastic bottles and glassware; a handwritten recipe; two tablets of acetaminophen; a set of electronic scales; and various amounts of

ter, Neher was arrested and charged with committing five offenses, including possession of methamphetamine with intent to deliver in violation of section 195.211 (count II).[3]

Prior to trial, Neher moved to suppress all evidence obtained during the search of his trailer, alleging that the affidavit attached to the warrant application was insufficient to establish probable cause for the search. The trial court concluded the sheriff could have inferred that the confidential informant's information was based on personal observation, even though that fact was not expressly stated. Therefore, under the totality of the circumstances, there was a substantial basis for concluding the affidavit contained sufficient information to establish a fair probability that the search would uncover evidence of criminal activity. The court overruled the motion to suppress.

Neher waived his right to a jury trial, and the court tried the case. The State offered the items seized during the search of Neher's residence. Neher objected on the same grounds presented in his motion to suppress. The court overruled the objection and admitted the items in evidence. The State rested its case, and Neher presented no evidence. After both parties waived closing arguments, the court engaged in the following colloquy with counsel:

THE COURT: At this time, the Court is going to find [Neher] guilty of Counts I, III, IV and V. I will find him not guilty as to Count II.

[PROSECUTOR]: Are you doing lesser included offense on two?

THE COURT: Do you wish to submit a lesser included offense under Count II? The Court finds that there has not been sufficient evidence to find attempt [sic] to deliver.

[PROSECUTOR]: I guess I am so requesting.

THE COURT: .... As to what lesser included offense?

[PROSECUTOR]: Class C felony possession of controlled substance, without the intent part of it.

THE COURT: [Defense Counsel], any comments?

[DEFENSE COUNSEL]: Judge, actually it is my understanding that the Court is free to find the defendant guilty at a bench trial of lesser included offenses. So, as long as they are actually lesser included offenses, and obviously simple possession is one.

THE COURT: The Court does believe that there is sufficient evidence to find, under Count II, to enter a finding of guilty to a lesser included offense the Class C felony of possession of controlled substance, Methamphetamine.

The court sentenced Neher to concurrent sentences of ten years on count I, five years on count II, and four years on each of counts III, IV and V.

---

marijuana, marijuana residue and marijuana-related paraphernalia.

**3.** All references to sections 195.211 and 195.246 are to RSMo Supp.2004. All other statutory references are to RSMo 2000. The other offenses charged included: manufacturing methamphetamine, a controlled substance, in violation of section 195.211 (count I); possession of pseudoephedrine with intent to manufacture methamphetamine in viola- tion of section 195.246 (count III); possession of acetone, ethyl ether, red phosphorus and/or sulfuric acid with the intent to manufacture methamphetamine in violation of section 195.420 (count IV); and knowingly possessing drug paraphernalia in the form of coffee filters, glass containers and tubing with the intent to use them in combination to manufacture methamphetamine in violation of section 195.233 (count V).

## Double Jeopardy

As his first point, Neher contends the trial court committed plain error in finding him guilty on count II of the lesser-included offense of possession of a controlled substance. According to Neher, the court violated his federal constitutional rights to be protected from double jeopardy by finding him guilty of the lesser-included possession offense.[4]

Neher failed to preserve his double jeopardy claim for appellate review and seeks plain error review. The right to be free from double jeopardy is a constitutional right that goes to the very power of the State to bring the defendant in the court to answer the charge brought against him. *Hagan v. State*, 836 S.W.2d 459, 461 (Mo. banc 1992). A guilty plea does not waive a subsequent claim of a double jeopardy violation if it can be determined from the face of the record that the sentencing court had no power to enter the conviction or impose the sentence. *Id.* Similarly, such a claim that can be determined from the face of the record is entitled to plain error review on appeal after trial. The record in this case permits such review.

Under the facts of this case, possession of methamphetamine in violation of section 195.202 is a lesser-included offense of possession of methamphetamine with intent to deliver in violation of section 195.211. *See Cason v. State*, 987 S.W.2d 357, 358 (Mo.App.1999). The court had the inherent power to convict Neher of the lesser-included possession offense, even if neither party asked the court to do so. *See State v. Kohser*, 46 S.W.3d 108, 111–13

(Mo.App.2001); *Haddock v. State*, 75 S.W.3d 872, 876–77 (Mo.App.2002). In determining whether a double jeopardy violation occurred, the substance of the trial court's ruling, rather than its form, is examined to determine its precise nature. *State v. Smith*, 988 S.W.2d 71, 78 (Mo.App. 1999); *State v. Reed*, 770 S.W.2d 517, 520 (Mo.App.1989).

The quoted colloquy establishes that the court only found Neher "not guilty" of possessing methamphetamine with the intent to deliver. The judge explained that he acquitted Neher of that charge because there was insufficient evidence of intent. The court's acquittal of Neher as to the greater intent to deliver offense did not create any double jeopardy bar that prevented the court from thereafter finding Neher guilty of the lesser-included possession offense in the same trial. *See State v. O'Dell*, 684 S.W.2d 453, 465 (Mo.App.1984)(double jeopardy does not bar a determination of guilt of a lesser included offense in the same trial). Accordingly, there was no error.

## Search Warrant

In Neher's second point, he contends the trial court clearly erred in overruling the motion to suppress and admitting evidence seized during the search of Neher's residence because the search warrant was not supported by probable cause. Before addressing Neher's specific arguments, the applicable standard of review is determined.

The Fourth Amendment to the United States Constitution guarantees

---

4. Neher also asserts an alleged double jeopardy violation based on article I, section 19 of the Missouri Constitution. This section provides, in pertinent part, that no person shall "be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury...." Since the instant case was bench-tried, this section of the Missouri Constitution has no application. *See State v. McTush*, 827 S.W.2d 184, 186 (Mo. banc 1992).

that no warrant shall issue except upon probable cause supported by oath or affirmation. *State v. Berry*, 801 S.W.2d 64, 66 (Mo. banc 1990). A neutral magistrate or judge must determine probable cause from the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In determining whether probable cause exists, the issuing magistrate or judge must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him [or her] . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* The presence of such contraband or evidence need not be established at a *prima facie* level, by a preponderance of the evidence or beyond a reasonable doubt. *State v. Laws*, 801 S.W.2d 68, 70 (Mo. banc 1990).

 Accordingly, in reviewing a trial court's ruling on a motion to suppress evidence seized pursuant to a search warrant, the court gives great deference to the initial judicial determination of probable cause that was made at the time the warrant issued. Berry, 801 S.W.2d at 66. Because there is a strong preference in the Fourth Amendment for searches to be conducted pursuant to a warrant, a reviewing court should not quash a warrant by construing it in a hypertechnical, rather than a commonsense, manner. *Gates*, 462 U.S. at 235–36, 103 S.Ct. 2317. The duty of a reviewing court is simply to ensure that the issuing judge had a substantial basis for determining that probable cause for the search did exist. *Id.* at 238, 103 S.Ct. 2317. In conducting the review of whether probable cause exists, the appellate court may not look beyond the four corners of the warrant application and the supporting affidavits. *Laws*, 801 S.W.2d at 70 n. 1. The court will only reverse if the issuing magistrate or judge clearly erred in initially determining, based on the totality of the circumstances, that probable cause existed. *State v. Norman*, 133 S.W.3d 151, 159 (Mo.App.2004).

Neher argues that the warrant to search his residence was not based on probable cause because: (1) the sheriff's affidavit was based on hearsay; (2) there was no substantial basis for judging the confidential informant's basis of knowledge or veracity; and (3) the informant's information was not independently corroborated by law enforcement officers.[5] This Court disagrees.

 An affidavit that relies on hearsay is sufficient to support a finding of probable cause if there is a substantial basis for crediting the hearsay. *Baker*, 103 S.W.3d at 720. Thus, the fact that the sheriff's affidavit was based on hearsay, insofar as that document recounted statements made by the confidential informant, does not render the affidavit deficient.

Neher's argument that there was no substantial basis for judging the confidential informant's basis of knowledge or veracity is similarly unpersuasive. During the sheriff's telephone call with the confidential informant, the caller: (1) gave a detailed description of Neher's residence; (2) reported that Neher had been "cooking meth" the prior evening and possessed both the chemicals and paraphernalia used to manufacture methamphetamine; and (3) identified Carl Dale Carter as a person who had been at Neher's residence on August 29th. Neher argues that, because the affidavit did not expressly state the informant's information was based on per-

---

**5.** Neher also contends in his point relied on that the affidavit did not predict his future movements or activity. Since Neher did not address this contention in his argument, however, the issue was abandoned and will not be addressed.

sonal observation, the affidavit was deficient. In light of *Laws*, Neher's argument is meritless.

In *Laws*, the officer's affidavit stated:

1. That he is a low (sic) enforcement officer in the County of New Madrid and State of Missouri, and

2. That he has reliable information from a previous reliable source that Clarence Law (sic) is presently in possession for sale and distribution certain controlled substances, to-wit: cocaine, cocaine derivatives and marihuana, together with weighing scales, at his home in Portageville, Missouri, and

3. That the affiant has personally observed activities on the porperty (sic) of Clarence Law (sic) that are consistent with the sale and distribution of a controlled substance that include many late night and secretive visits to the premises by persons suspected to be involved in illegal drug trafficing (sic) activities.

*Id.* at 69. This Court held that "implicit in the affidavit is an understanding that the informant learned his information through personal observation." *Id.* at 70. The conclusion is the same here. Furthermore, the level of detail in the information provided by the confidential informant in this case is virtually identical to that recounted in the officer's affidavit in *Laws*, which was found sufficient to establish probable cause. *Id.* at 71.

Since the issuing judge could infer that the confidential informant in this case had personally observed the information reported to the sheriff, the only remaining issue is the confidential informant's veracity, which is determined by looking to whether his or her information was corroborated. *See Laws*, 801 S.W.2d at 70 (the requisite substantial basis for using hearsay is met if the informant learned the information through personal observation and if the statements are corroborated through other sources); *Berry*, 801 S.W.2d

at 66 (personal knowledge of an informant corroborated through other sources is enough to establish probable cause). There was ample corroboration to establish the confidential informant's veracity and, thus, support the issuance of a search warrant.

■ First, the sheriff stated that he had previously received information from this same informant that had been corroborated and found to be reliable. A tip from an informant found to be reliable in the past is "sufficient information alone to support an issuing judge's finding of probable cause." *State v. Cornelius*, 1 S.W.3d 603, 606 (Mo.App.1999) (quoting *State v. Vega*, 875 S.W.2d 216, 218 (Mo.App.1994)). This result attends because a factual statement of past reliability is a sufficient basis for a judge to independently gauge the reliability of the informant. *Laws*, 801 S.W.2d at 69.

■ Second, the sheriff specifically noted that the confidential informant was reporting drug manufacturing activity by Neher the prior evening. Therefore, the informant's information was fresh. The freshness of the information supports a finding of probable cause. *See Cornelius*, 1 S.W.3d at 607 (officer's recital that he had received information about the defendant's possession of methamphetamine and drug paraphernalia in his home from a confidential informant within the past 24 hours provided further support for the warrant to issue).

Third, the sheriff's affidavit also stated: (1) Neher was a known drug user and manufacturer; and (2) Carl Dale Carter had an extensive criminal history involving drugs, including methamphetamine. In deciding whether probable cause to search existed, the issuing judge had a right to rely upon the sheriff's personal knowledge that Neher and Carter were associated with the manufacture and possession of illegal drugs, including methamphetamine.

*Laws,* 801 S.W.2d at 70. The aforementioned information, which was based on the sheriff's personal knowledge, corroborated the confidential informant's tip that Neher had been cooking methamphetamine on August 29th.

Under the totality of the circumstances, the issuing judge had a substantial basis for concluding there was a fair probability that contraband and evidence of criminal activity would be found at Neher's residence. Therefore, the initial determination of probable cause was not clearly erroneous. That being the case, the trial court correctly decided to overrule Neher's motion to suppress the items seized from Neher's residence and to permit their admission in evidence.

### Conclusion

Finding no merit in either of Neher's points, the judgment is affirmed.

All concur.