**STATE of Missouri, Plaintiff–Respondent,**

v.

**Robert S. WILSON, Defendant–Appellant.**

**No. SD 31938.**

Missouri Court of Appeals, Southern District, Division Two.

July 12, 2013.

agreed that no final judgment was entered in     Suit I.

Margaret M. Johnston, Jefferson City, for Appellant.

Chris Koster (Attorney General), Jessica P. Meredith, for Respondent.

DON E. BURRELL, Judge.

Robert S. Wilson ("Defendant") was found guilty after a bench trial of one count of the class B felony of possession of methamphetamine with the intent to distribute. *See* section 195.211.[1] Defendant's sole point on appeal asserts the trial court erred in overruling his motion to suppress and subsequent objection at trial to all evidence seized by the State pursuant to a search warrant because the affidavit supporting the warrant did not establish probable cause for the search. Finding no merit in Defendant's claim, we affirm.

### Standard of Review

"In reviewing a motion to suppress, we give great deference to the initial judicial determination of probable cause made at the time of the issuance of the search warrant." *State v. Rush,* 160 S.W.3d 844, 848 (Mo.App. S.D.2005). The existence of probable cause is a question of fact, and we will reverse the issuing judge's determination that probable cause exists only if that determination is clearly erroneous. *State v. Berry,* 801 S.W.2d 64, 66 (Mo. banc 1990). "In conducting the review of whether probable cause exists, the appellate court may not look beyond the four corners of the warrant application and the supporting affidavits." *State v. Neher,* 213 S.W.3d 44, 49 (Mo. banc 2007).

### Factual and Procedural Background

Defendant does not challenge the sufficiency of the evidence to support his conviction, so we will address only those facts relevant to resolve Defendant's challenge to the validity of the search warrant. On February 28, 2008, Detective Shane Keys of the Taney County Sheriff's Department applied for a search warrant for a residence and other outbuildings or garages located at [house number] State Highway BB in Hollister. Detective Keys's supporting affidavit detailed his assignment with the Combined Ozarks Multi–Jurisdictional Enforcement Team (COMET) and his training and experience with narcotics enforcement, confidential informants, and undercover operations. The affidavit identified the residence and "shop building" as the target of a COMET investigation regarding the use and distribution of methamphetamine, and that "Steven Wilson" owned the property.

The affidavit further stated:

Within approximately the past eighteen months I spoke with a confidential source who wishes to remain anonymous for safety purposes. The confidential source admitted that he/she was using methamphetamine had [sic] obtained methamphetamine from a Ron White from his residence behind Empire Electric in Hollister. The confidential source gave me detailed directions and

---

1. All statutory references are to RSMo Cum. Supp.2005, unless otherwise indicated.

descriptions of the residence that were later followed and found to be accurate.

. . . .

Within the past month I spoke with a proven reliable confidential source who wishes to remain anonymous for safety purposes. The confidential source stated he/she had direct knowledge of a Steve who is actively involved in the illegal distribution of methamphetamine from the residence. The confidential source stated that illegal methamphetamine use and distribution was occurring at the residence and garage.

Within the past week I spoke with a separate proven reliable confidential source who wishes to remain anonymous for safety purposes. The confidential source stated that he/she had knowledge of a Steve who is involved in the illegal distribution of methamphetamine. The confidential source stated Steve's residence was located behind Empire Electric in Hollister and gave me detailed descriptions to the residence that I know to be accurate.

Within the past seventy-two hours I spoke with the original confidential source who wishes to remain anonymous for safety purposes. The confidential source stated that he/she was inside of Ron White's residence located behind Empire Electric within the past seventy-two hours and observed what he/she knows to be methamphetamine inside of the residence. The confidential source stated that methamphetamine is also being distributed from within the garage that is located on the property.

Finding the affidavit sufficient to establish probable cause for the requested search, the reviewing judge issued the warrant.

When officers executed the search warrant, Ron White was present in the main residence. Defendant was in a metal shop building located approximately 100 feet from the residence. The shop building had two levels; there was a garage on the lower level with living quarters located upstairs. In the living room of the living quarters, officers found several letters and other mailings addressed to Defendant, including an electric bill. A safe containing over $13,000 in cash and two baggies containing methamphetamine was inside the bedroom closet. The baggies were determined to weigh 3.51 and 4.91 grams, respectively. The safe also contained a third baggie with methamphetamine residue. Two sets of scales that later tested positive for methamphetamine residue were in the kitchen. Finally, officers seized two small baggies containing methamphetamine residue and $400 in cash from a zippered pouch located in Defendant's pocket.

Prior to trial, Defendant filed a motion to suppress all evidence seized and all statements taken after the execution of the search warrant on the ground that the warrant was issued without probable cause. Following an evidentiary hearing on the motion, the court overruled Defendant's motion to suppress. The referenced evidence was later admitted at trial over Defendant's objection.

## Analysis

▮ The Fourth Amendment protection against unreasonable searches and seizures guarantees that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation[.]" U.S. Const. amend. IV. "There is a strong preference within the Fourth Amendment for searches conducted pursuant to a warrant." *Rush*, 160 S.W.3d at 848. "Even if the sufficiency of the affidavit is marginal, we will determine the case based largely on the preference to be accorded to warrants." *State v. Norman*, 133 S.W.3d 151, 159–60 (Mo.App. S.D.2004). "The prefer-

ence for warrants that requires us to give deference to the issuing judge's determination of probable cause also requires some latitude in interpretation of the supporting affidavit." *State v. Henry,* 292 S.W.3d 358, 364 (Mo.App. W.D.2009).

■ "Probable cause means that there is a fair probability that evidence of a crime will be found at the location [of the search.]" *Norman,* 133 S.W.3d at 159. Defendant argues here that "the search warrant affidavit did not establish, from the totality of the circumstances, that there was a fair probability that contraband or evidence of a crime would be found at the residences located on the property covered by the search."[2] We disagree.

■ "For a fair probability, it is not necessary to establish the presence of evidence of a crime *prima facie,* or by a preponderance of the evidence, or beyond a reasonable doubt." *Id.* at 159. "In dealing with probable cause we deal with *probabilities,* not certainties." *Henry,* 292 S.W.3d at 364 (emphasis as stated in original). "These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' " *Id.* (quoting *Illinois v. Gates,* 462 U.S. 213, 231, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Johnson,* 372 S.W.3d 549, 554 (Mo.App. S.D.2012). "Common sense is a key ingredient in

considering the absence or presence of probable cause." *Rush,* 160 S.W.3d at 849.

■ "An affidavit that relies on hearsay is sufficient to support a finding of probable cause if there is a substantial basis for crediting the hearsay." *Neher,* 213 S.W.3d at 49. "The requisite substantial basis for use of hearsay is met if the affidavit shows that the informant learned the information through personal observation and if the informant's statements are corroborated through other sources.' " *State v. Laws,* 801 S.W.2d 68, 70 (Mo. banc 1990) (quoting *State v. Bauers,* 702 S.W.2d 896, 900 (Mo.App. E.D.1985)).

■ The flaw in the argument that follows Defendant's point on appeal is that he addresses each piece of information within Detective Keys's affidavit in isolation. When that information is viewed cumulatively, it is clear that the issuing judge did not clearly err in finding it sufficient to establish a fair probability that evidence of methamphetamine would be found at Defendant's home.

The hearsay information provided by the various informants could be credited and corroborated. Two of those confidential sources were "proven reliable" and had direct knowledge of the illegal activity at Defendant's residence within the prior month. The third informant actually observed methamphetamine in Defendant's residence within the seventy-two-hour period preceding the execution of the warrant, and his information was corroborated by the statements of the other two informants. Further, another officer in the Taney County Sheriff's Department received independent information that illegal drug activity was occurring at Defendant's

2. Although Defendant frames his point as error on the part of the trial court, where, as in this case, a warrant has issued, we review the initial determination that probable cause existed as made by the issuing judge or magistrate. *Henry,* 292 S.W.3d at 361–62; *see also Norman,* 133 S.W.3d at 159.

residence—another corroboration of the disclosures made by Detective Keys's confidential informants.

Defendant's point is denied, and his conviction is affirmed.[3]

DANIEL E. SCOTT, P.J., and JEFFREY W. BATES, J., concur.

---

**3.** Alternatively, the State argues that the exclusionary rule does not apply here because the officers relied in good faith on the warrant when they conducted their search. We do not reach the issue as we have concluded that Detective Keys' affidavit provided probable cause to support the issuance of the search warrant. *See Rush,* 160 S.W.3d at 850.